UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO: 3:18-CV-100

---------------------------------x
:
CHRISTOPHER STRIANESE, :
:
Plaintiff, :
: **COMPLAINT**
- against - :
: **Jury Trial Demanded**
DIVERSIFIED CONSULTANTS, INC., and :
SPRINT CORPORATION, :
:
Defendants. :
---------------------------------x

Plaintiff Christopher Strianese, upon his own personal knowledge, states and alleges as follows:

## INTRODUCTION

1. This action seeks, *inter alia*, redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"), the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §75-1.1 ("UDTPA"), and Defendants' negligent conduct. Defendants have willfully and maliciously damaged Plaintiff's credit by falsely reporting to various credit agencies that Plaintiff owes a debt to Defendant Sprint Corporation. In their efforts to collect the alleged debt, Defendants violated the FDCPA.

## THE PARTIES

**Plaintiff Christopher Strianese**

2. Plaintiff Christopher Strianese is an adult individual residing in Mecklenburg County, North Carolina. Mr. Strianese is an active member of the North

Carolina State Bar and regularly practices law in the federal and state courts in North Carolina.

**<u>Defendant Diversified Consultants, Inc.</u>**

3. Upon information and belief, defendant Diversified Consultants, Inc. ("Diversified") is a Florida corporation with its principal place of business located at 10550 Deerwood Park Blvd., Suite 309, Jacksonville FL, 32256.

4. Upon information and belief, Diversified is a debt collection agency. As a debt collection agency, Diversified is or should have been aware of the provisions of the FDCPA.

5. Upon information and belief, Diversified attempts to collect debts on behalf of Sprint and is the authorized agent of Sprint for the purposes of debt collection.

6. Upon information and belief, at all relevant times, Diversified has been engaged in interstate commence.

**<u>Defendant Sprint Corporation</u>**

7. Upon information and belief, defendant Sprint Corporation ("Sprint") is a corporation with its principal place of business located at 6200 Sprint Parkway, Overland Park, Kansas.

8. Upon information and belief, defendant Sprint is a provider of cellular telephone services.

9. Upon information and belief, defendant Sprint is a large corporation with a legal department and a compliance department. As such, at all relevant times, Sprint is or should have been aware of the provisions of the FDCPA.

## JURISDICTION AND VENUE

10. This action arises under the FDCPA, 29 U.S.C. §1692 *et. seq*. The court has jurisdiction over this matter pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

11. Venue is proper in this District pursuant to 28 U.S.C. §1391 because Plaintiff resides in this District, the Defendants do business in this District, and the acts and/or omissions complained of were committed in whole or in part in this District.

## FACTUAL ALLEGATIONS

12. Plaintiff has never used Sprint as his cellular telephone services provider.

13. Upon information and belief, Plaintiff has never had any business relationship at all with Sprint and has never entered into any contractual relationship with Sprint.

14. Plaintiff has never had any business relationship with or entered into any contractual relationship with Diversified.

15. In or about October 2017, Plaintiff received a telephone call from an employee of Diversified. In the October 2017 call, the Diversified employee informed Plaintiff that Plaintiff owed money to Sprint and that Diversified had been engaged by Sprint to collect the debt.

16. Prior to the October 2017 call, Plaintiff had never received any bill from Sprint or any notice, either written, telephonic, or otherwise, that Sprint claimed that Plaintiff owed Sprint monies.

17. On the October 2017 call, Plaintiff informed the Diversified agent that Plaintiff had never done business with Sprint, had no cellular telephone service with

Sprint, and did not owe Sprint any money. Thus, as of October 2017, Defendants had actual notice that their position that Plaintiff owed Sprint monies was erroneous.

18. On the October 2017 call, the Diversified agent did not tell Plaintiff the amount of the alleged debt or provide Plaintiff with any instructions for disputing the debt. In addition, the Diversified agent did not inform Plaintiff that the debt had or would be reported to the credit reporting services.

19. Instead, the Diversified agent assured Plaintiff that he was submitting the matter to Diversified's fraud division and that the matter would be taken care of.

20. On the October 2017 call, the Diversified agent did not inform Plaintiff that Plaintiff needed to fill out and submit any paperwork or that any further action was required from Plaintiff.

21. On the October 2017 call, Plaintiff informed the Diversified agent that this was the first Plaintiff had heard of the alleged debt.

22. On the October 2017 call, Plaintiff advised the Diversified agent that the address that Diversified had for Plaintiff, "201 Paris Avenue," was not a valid address and that Plaintiff had never resided at that address. Plaintiff provided, or offered to provide, the Diversified agent with his correct address. In addition, Plaintiff's home and business address can be readily ascertained from a simple internet search. Thus, Defendants could have, with the exercise of reasonable diligence, easily discovered Plaintiff's correct address and knew or should have known that the "201 Paris Avenue" address they had for Plaintiff was incorrect.

23. The October 2017 call from Diversified constituted an "initial communication" between Defendants and Plaintiff as set forth in the FDCPA, 15 U.S.C. §1692g(a).

24. Defendants did not, within 5 days of the initial communication, send Plaintiff a written notice containing: (a) the amount of the debt; (b) the name of the creditor to whom the debt was owed; (c) a statement that unless the consumer, within thirty days after the notice, disputes the validity of the debt, or any portion thereof, the debt will assumed to be valid by the debt collector; (d) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

25. Defendants' failure to provide these statutorily required notices violated the FDCPA and, on attempting to collect the debt, Defendants committed other similar statutory violations of the FDCPA.

26. Had Plaintiff received the required statutory notices, Plaintiff would have promptly disputed the debt and, upon information and belief, the debt would now be removed from Plaintiff's credit report.

27. However, rather than complying with the express provisions of the FDCPA, Defendants improperly reported Plaintiff as being delinquent to the credit

5

reporting agencies. Upon information and belief, Defendants reported Plaintiff to the credit reporting agencies or failed to correct such report after they had actual notice that Plaintiff did not owe a debt to Sprint.

28. Defendants did not attempt to contact Plaintiff again after the October 2017 call in which they informed Plaintiff that the matter had been submitted to Diversified's fraud department for resolution.

29. On or about March 2, 2018, Plaintiff entered into a contract to purchase a home located in Cornelius, NC.

30. On or about March 2, 2018, Plaintiff attempted to obtain a pre-approval letter from a qualified lender in connection with the potential home purchase and entered into discussions and negotiations with various lenders and/or their agents in an effort to obtain a mortgage.

31. On or about March 2, 2018, Plaintiff authorized the potential lenders to conduct a credit report search on Plaintiff.

32. Thereafter, Plaintiff was advised, for the first time, that Defendants had reported Plaintiff as delinquent and "in collection" to a number of credit reporting agencies and that Defendants' report had severely impacted Plaintiff's credit.

33. Plaintiff was further advised that, as a result of the harm to his credit, Plaintiff would not qualify for certain mortgage products and, for the mortgage products he did qualify for, would have to pay a substantially higher rate and would otherwise receive offers with less favorable terms from lenders.

34. On March 2, 2018, Plaintiff contacted Diversified by telephone to request that Diversified alert the credit agencies to remove the delinquency from Plaintiff's credit.

35. Diversified refused to do so, unless Plaintiff submitted a "fraud packet" and filed a police report alleging that some unknown person had engaged in criminal activity by opening a Sprint account in Plaintiff's name.

36. Plaintiff obtained a copy of the "fraud packet" referenced by the Diversified agent. The "fraud packet" is on Sprint letterhead with a return address of "Sprint – Fraud Management", P.O. Box 7946, Shawnee Mission, KS, 66207. As this, and Sprint's engagement of Diversified shows, Sprint and Diversified are acting collectively in engaging in this wrongful and unlawful conduct and Diversified is the agent of Sprint.

37. To be processed, the "fraud packet" requires Plaintiff to submit to Sprint a police report accusing some unknown person of illegal activity.

38. At this time, Plaintiff is unwilling to, and is under no legal obligation to, file such a police report.

39. It is not clear to Plaintiff that anyone has engaged in illegal activity, and that the wrongful billing of Plaintiff has not happened as a result of an error by, or the incompetence of, Sprint and Diversified. Defendants, who either refused to, or were incapable of, complying with the provisions of the FDCPA, and were apparently too lazy to conduct a simple internet search to determine Plaintiff's correct addresses, are capable of making a billing and/or collection error.

40. Defendants cannot condition the removal of this false credit delinquency from Plaintiff's credit report on their unlawful demand that Plaintiff file a police report. Defendants have no legal right to force Plaintiff to involve law enforcement in this matter.

41. By refusing to remove the delinquency from Plaintiff's credit report unless Plaintiff files a police report (for conduct that may not even be criminal), Defendants are committing extortion in clear violation of the UDTPA. Defendants are wrongfully and unscrupulously attempting to compel Plaintiff to do something that he is under no legal obligation to do. Indeed, by damaging Plaintiff's credit in an attempt to get Plaintiff to pay money that Plaintiff does not owe, Defendants have engaged in unfair and deceptive trade practices in or affecting commerce. Defendants knew, or with the exercise of reasonable diligence, could have known that Plaintiff did not owe any debt to Sprint. Yet, Defendants' proceeded to unfairly damage Plaintiff's credit in an effort to compel Plaintiff to pay to Sprint and/or Diversified a debt that he does not owe.

42. In addition, Sprint's "fraud packet" demands that Plaintiff provide "proof of residency at the time your account was established on [insert date]." Plaintiff is incapable of doing this because he is not aware of when the alleged account "was established." Upon information and belief, information is in the sole and exclusive possession of Defendants.

43. Plaintiff has sent the "fraud packet," with the information that Plaintiff is able to and willing to provide, back to Sprint. However, on the March 2, 2018 call, the Diversified agent told Plaintiff that he could not provide any time-frame concerning when

8
Case 3:18-cv-00100-RJC-DSC   Document 1   Filed 03/03/18   Page 8 of 14

the submission of this information would, or if it ever would, result in the delinquency being removed from Plaintiff's credit report.

44. In the interim, Plaintiff continues to be damaged by virtue of the impact on his credit, finances and ability to secure a mortgage as a result of Defendants' wrongful and illegal conduct. As such, Plaintiff has been damaged and files this action to seek redress for the damages he has suffered.

45. Defendants' conduct has damaged Plaintiff.

46. Defendants' conduct is the direct and proximate cause of Plaintiff's damages.

47. Defendants have acted in a grossly negligent manner, in a manner that demonstrates a reckless disregard of Plaintiff's protected rights, and in an unfair and deceptive manner as those terms are used and defined in the UDTPA.

48. Plaintiff has demanded that Defendants cease their unlawful conduct but Defendants have refused to do so.

49. Diversified and Sprint have acted, and continue to act, collectively in their efforts to collect this debt and in violation of the UDTPA. Each of Diversified and Sprint has engaged in at least one overt act or omission in furtherance of their joint scheme.

50. Defendants are engaged in a civil conspiracy and are jointly and severally liable for the conduct alleged herein.

51. In addition to the monetary damages sought in this action, Plaintiff is also entitled to injunctive relief mandating that the Defendants take immediate steps to remove the delinquency from Plaintiff's credit report.

9

52. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory, statutory, liquidated damages, treble damages, pre-judgment and post-judgment interest, injunctive relief, punitive damages, reasonable attorneys' fees and the costs, nominal damages (if other monetary damages are not awarded) and such other, further, and different relief as the Court deems just and proper.

## FIRST CAUSE OF ACTION
### (FDCPA – all defendants]

53. Plaintiff realleges and reiterates the allegations contained in all preceding paragraphs.

54. Defendants, through their acts and omissions, have violated the FDCPA, 15 U.S.C. §§ 1692 *et seq*.

55. Defendants' acts and omissions caused Plaintiff's damages.

56. Plaintiff is entitled to monetary damages and injunctive relief to remedy Defendants' unlawful conduct.

57. Defendants are jointly and severally liable for any judgment entered in this action.

## SECOND CAUSE OF ACTION
### (UDTPA – All Defendants)

58. Plaintiff realleges and reiterates the allegations contained in all preceding paragraphs.

59. The above-described acts and/or omissions of Defendants are a business transaction in or affecting commerce in the State of North Carolina.

60. Defendants' acts, as more fully described herein, are immoral, unethical, oppressive, unscrupulous, and constitute unfair and deceptive trade practices in violation of N.C.G.S. §75-1.1, *et. seq.*

61. Defendants' actions have caused Plaintiff damages, and Defendants' conduct is the proximate and but for cause of Plaintiff's damages.

62. Defendants have repeatedly and willfully engaged in the above-described acts and its conduct entitles Plaintiff to recover treble damages and an award of reasonable attorneys' fees pursuant to N.C.G.S. §75-16.1. In addition, Plaintiff is entitled to monetary damages and injunctive relief to remedy Defendants' unlawful conduct. Defendants are jointly and severally liable for any judgment entered in this action.

## THIRD CAUSE OF ACTION
**(Negligence – All Defendants)**

63. Plaintiff realleges and reiterates the allegations contained in all preceding paragraphs.

64. Defendants owed a duty to Plaintiff to exercise reasonable care and discretion before falsely reporting to the credit agencies that Plaintiff owed a debt.

65. Defendants could have readily determined, with the exercise of reasonable care and diligence, that Plaintiff did not reside at "201 Paris Avenue."

66. Defendants could have readily determined, with the exercise of reasonable care and diligence, Plaintiffs' correct address.

67. Defendants could have readily determined, with the exercise of reasonable care and diligence, that the alleged debt was not owed to Sprint by Plaintiff.

68. However, rather than exercise reasonable care, Defendants unlawfully reported Plaintiff as delinquent to a number of credit reporting agencies without any regard for the impact that such report would have on Plaintiff's credit, finances and life.

69. Plaintiff is entitled to monetary damages and injunctive relief to remedy Defendants' unlawful conduct.

70. Defendants are jointly and severally liable for any judgment entered in this action.

## FOURTH CAUSE OF ACTION
### (Civil Conspiracy – All Defendants)

71. Plaintiff realleges and reiterates the allegations contained in all preceding paragraphs.

72. Defendants activities, as alleged and described above, constitute unlawful acts or, in the alternative, unlawful ways of carrying out otherwise lawful acts. Upon information and belief, Defendants agreed and continue to agree to carry out a scheme to conduct activities in direct breach of their obligations and the mandates of lawful and ethical conduct.

73. Plaintiff has been injured as a result of Defendants' conduct.

74. This conduct amounts to a civil conspiracy.

75. As a result of said conspiracy, Plaintiff has suffered damages, and the conduct of Defendants was the direct and proximate cause of such damages.

**WHEREFORE**, Plaintiff hereby moves and prays the Court for the following relief:

1. That Plaintiff recover all actual, compensatory, liquidated, statutory, treble, punitive, and all other damages allowed by law, rule, or regulation, against Defendants, jointly and severally;

2. That the Court award Plaintiff injunctive relief, requiring Defendants to immediately cease their unlawful conduct and report to the applicable credit agencies that Plaintiff is not delinquent on any account with Defendants;

3. That the Court award Plaintiff all costs and the reasonable attorneys' fees incurred in the prosecution of this action, including as provided for under the UDTPA and other statutory rules;

4. That Plaintiff recover from Defendants, jointly and severally, punitive damages for those parties willful, malicious, and outrageous conduct pursuant to all statutes, laws, and regulations;

5. That Plaintiff's damages be trebled pursuant to N.C.G.S. §75-16;

6. That the costs of this action be taxed to Defendants, jointly and severally;

7. Nominal damages, in the event that other damages are not awarded;

8. That there be a jury trial upon all issues so triable; and

9. For such other, further, and different relief as this Court shall deem just and proper.

This the 3rd day of March, 2018.

          **STRIANESE HUCKERT LLP**

          /s/ Christopher R. Strianese
          Christopher R. Strianese; NC Bar No. 46918

          401 North Tryon St., 10th Floor
          Charlotte, NC 28202
          Tel: 704-998-2577
          chris@strilaw.com
          *Attorneys for Plaintiff*