# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-00100-RJC-DSC

| | |
|---|---|
| **CHRISTOPHER STRIANESE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **DIVERSIFIED CONSULTANTS, INC. et. al.,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Defendants' "Motion to Dismiss …" (document #7) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be <u>granted in part</u> and <u>denied in part</u>, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Accepting the factual allegations of the Complaint as true, Plaintiff received a telephone call from Defendant Diversified Consultants in October 2017 advising that he owed an outstanding balance to Defendant Sprint. Diversified had been retained by Sprint to collect the debt. Plaintiff had no such account with Sprint. Diversified did not tell Plaintiff the amount of the alleged debt

or provide him with any instructions for disputing it. Diversified did assure Plaintiff that the matter would be turned over to its fraud division for resolution. Diversified did not advise Plaintiff that any further action was required on his part.

Plaintiff alleges that the October 2017 call constituted an "initial communication" under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692g(a). Defendants did not, within five days of that initial communication, send Plaintiff a written notice containing: (a) the amount of the debt; (b) the name of the creditor to whom the debt was owed; (c) a statement that unless the consumer disputes the validity of the debt or any portion thereof within thirty days, the debt will assumed to be valid by the debt collector; (d) a statement that if the consumer notifies the debt collector in writing within the thirty day period that the debt or any portion thereof is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor if different from the current creditor. Plaintiff alleges that he would have promptly disputed the debt if he had received the required notice.

On or about March 2, 2018, Plaintiff entered into a contract to purchase a home. He attempted to obtain a pre-approval letter from a qualified lender and began negotiations with various lenders in an effort to obtain a mortgage. Plaintiff authorized these lenders to obtain a copy of his credit report. Plaintiff was subsequently advised that Defendants had reported his alleged Sprint account as delinquent and "in collection" to a number of credit reporting agencies. As a result of this credit report, Plaintiff would have difficulty qualifying for a mortgage and could be subject to higher interest rates.

Plaintiff contacted Diversified and asked them to notify the credit agencies to remove this information from his credit report. Diversified responded that Plaintiff must first submit a "fraud packet" to Sprint and file a police report.

Plaintiff obtained a copy of the fraud packet referenced by Diversified. The document was on Sprint letterhead with a return address of "Sprint – Fraud Management," P.O. Box 7946, Shawnee Mission, Kansas 66207. The fraud packet required Plaintiff to submit a police report to Sprint. Plaintiff avers that he is under no legal obligation to file a police report.

Sprint's fraud packet also asked Plaintiff to provide "proof of residency at the time your account was established on [insert date]." Plaintiff is unable to do so because he is unaware of when any alleged account was established. Plaintiff alleges that Sprint's requirements render it difficult for consumers to obtain any relief.

Plaintiff has submitted the fraud packet to Sprint but alleges that he is suffering ongoing harm as a result of the inaccurate information contained in his credit report.

On March 3, 2018, Plaintiff filed his Complaint which as amended states claims for (1) violation of the FDCPA, 15 U.S.C. §§ 1692 et seq.; (2) violation of the North Carolina Unfair and Deceptive Trade Practices Act (NCUDTPA), N.C. Gen. Stat. § 75-1.1 et seq.; and (3) civil conspiracy.

On April 19, 2018, Defendants filed their Motion to Dismiss contending that Plaintiff's state law claims are preempted by the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681t(b)(1)(F). Defendants also argue that the FDCPA claim fails for vagueness and the civil conspiracy claim does not state a valid cause of action.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

### B. FCRA Preemption

The FCRA specifically provides:

> No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title [FCRA § 623], relating to the responsibilities of persons who furnish information to consumer reporting agencies ....

15 U.S.C. § 1681t(b)(1)(F).

FCRA preempts state law claims arising from any failure to accurately report or correct information on a consumer's credit report. See 15 U.S.C. §§1681t(b)(1)(F); Ross v. FDIC, 625 F.3d 808, 815 (4th Cir. 2010) (affirming preemption and dismissal of UDTPA claim). Plaintiff argues that there is an exception for malicious or willful actions. 15 U.S.C. §1681h(e). However, this exception does not apply to preemption under 15 U.S.C. §§1681t(b)(1)(F). Id. Accordingly, the undersigned respectfully recommends that Plaintiff's state law claims be dismissed as preempted by FCRA.

### C. FDCPA Claim

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another." 15 U.S.C.A. §1692(a)(6). Defendants argue that Sprint is not a "debt collector" and that Plaintiff's FDCPA claim is impermissibly vague because some of the factual allegations are pled against them jointly. See, e.g., Areebuddin v. Onewest Bank, F.S.B., Civil Action No. 1:09-cv- 1083, 2010 U.S. Dist. LEXIS 28469, 2010 WL 1229233, at *6 (E.D. Va. March 24, 2010) (FDCPA applied to debt collectors, not creditors); Scott v. Wells Fargo Home Mortg. Inc., 326 F.Supp. 2d 709, 717 (E.D. Va. 2003) (same). Sprint is not a debt collector for FDCPA purposes. Accordingly, the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted as to the FDCPA claim pled against Sprint.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants' "Motion to Dismiss …" (document #7) be **GRANTED IN PART** and **DENIED IN PART**, that is **DENIED** as to Plaintiff's FDCPA claim against Defendant Diversified Consultants, Inc., and **GRANTED** in all other respects.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners

Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to pro se Plaintiff, to defense counsel, and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: July 19, 2018

David S. Cayer
United States Magistrate Judge