UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00100-RJC-DSC

| | |
|---|---|
| CHRISTOPHER STRIANESE, ) ) Plaintiff, ) ) v. ) ) DIVERSIFIED CONSULTANTS, INC. et al., ) ) Defendants. ) | ORDER |

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss for Failure to State a Claim, (Doc. No. 7), and the parties' associated briefs, (Doc. Nos. 8–9); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 10); Plaintiff's Objection to the M&R, (Doc. No. 11); and Defendants' Response to Plaintiff's Objection, (Doc. No. 12).

I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations."

28 U.S.C. § 636(b)(1)(A) and (B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. In the M&R, the Magistrate Judge recommended that Defendants' Motion to Dismiss, (Doc. No. 7), be granted in part and denied in part. Specifically, the M&R recommended dismissing Plaintiff's state-law claims of violations of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1 et seq., and civil conspiracy, but allowing Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., claim against Defendant Diversified Consultants, Inc. to proceed.[1]

Plaintiff makes specific objection to the portion of the M&R that recommends dismissing Plaintiff's state-law claims as preempted by the FCRA. Plaintiff contends that FCRA preemption does not bar Plaintiff's North Carolina UDTPA and civil conspiracy claims because the Amended Complaint alleges Defendants engaged in

---

[1] Defendants did not object to the M&R's recommendation of allowing Plaintiff's FDCPA claim to proceed against Defendant Diversified Consultants, Inc., and the time for doing so has expired. The Court finds that allowing this claim to proceed is in accordance with law and need not expound on the merits of Plaintiff's FDCPA claim.

2

unfair and deceptive conduct subsequent to Defendants' failure to accurately report or correct information on Plaintiff's credit report—conduct regulated by the FCRA.

The FCRA is a comprehensive statutory scheme designed to regulate the consumer reporting industry." Ross v. F.D.I.C., 625 F.3d 808, 812 (4th Cir. 2010) (citing 15 U.S.C. § 1681(a)). It was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007). Congress intended the FCRA to serve as a "comprehensive series of restrictions on the disclosure and use of credit information assembled by consumer reporting agencies." Ross, 625 F.3d at 812 (quoting FTC v. Manager, Retail Credit Co., 515 F.2d 988, 989 (D.C. Cir. 1975)). Because it is designed to serve as a comprehensive legislative framework, Congress added a "strong preemption provision, 15 U.S.C. § 1681(t)(b), . . . to avoid a 'patchwork system of conflicting regulations.'" Id. (citing Michael Epshteyn, Note, *The Fair and Accurate Credit Transactions Act of 2003: Will Preemption of State Credit Reporting Laws Harm Consumers?,* 93 Geo. L.J. 1143, 1154 (2005)).

The FCRA provides that

> No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s–2 of this title [FCRA § 623], relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . .

15 U.S.C. § 1681t(b)(1)(F). Accordingly, FCRA preempts state-law claims that arise from an alleged failure to accurately report or correct information on a consumer's credit report. See 15 U.S.C. § 1681t(b)(1)(F); Ross, 625 F.3d at 813. Any state-law claims involving allegations relating "to the responsibilities of persons who furnish

3

information under section 1681s–2," are preempted by the FCRA and should be dismissed. Rogers v. Keffer, Inc., 243 F. Supp. 3d 650, 660 (E.D.N.C. 2017).

Here, the conduct Plaintiff complains of springs from the alleged failure of Defendants, who qualify as "furnishers" of credit information under the FCRA, to accurately report, investigate, and report information on Plaintiff's credit report. Although Plaintiff argues that Defendants' unfair and deceptive conduct occurred after the filing of the credit report when Defendants "attempted to coerce Plaintiff into filing an unwarranted police report[,] . . . turning over personal information to Sprint . . . and paying unwarranted money to Sprint," the communications and information Defendants sought to compel from Plaintiff was in relation to—and a reaction of—the furnishing of inaccurate information on Plaintiff's credit report. Defendants requested this information to investigate Plaintiff's claim of inaccurate reporting.

Plaintiff analogizes his case to Rogers v. Keffer, 243 F. Supp. 3d 650 (E.D.N.C. 2017), where the Eastern District of North Carolina held that FCRA preemption did not apply to two of the plaintiff's allegations. These two allegations evading FCRA preemption were (1) that Keffer—the car-dealer defendant who allowed an identity thief to use the plaintiff's social security number to fraudulently obtain multiple vehicles from Keffer on separate occasions—instructed the plaintiff to lie to the police and (2) that Chase—the bank defendant who reported the fraudulently obtained loans procured in the plaintiff's name to credit reporting agencies—continued to send the plaintiff threatening collection letters despite the

4

plaintiff repeatedly notifying Chase that his identity had been stolen and that he did not authorize the loans. Rogers, 243 F. Supp. 3d at 654–66. The court held that these allegations survived FCRA preemption because those portions of the plaintiff's claims were unrelated to the FCRA. Id. at 660, 661. Plaintiff neglects to direct the Court's attention to the portion of the Rogers opinion that did find that FCRA preemption applied to several of the plaintiff's allegations. The court found that the allegations underpinning the plaintiff's state-law claims (i.e., violation of the North Carolina UDTPA and defamation) that concerned the defendants' "inaccurate reporting of a loan to credit reporting agencies and alleged failures to properly investigate and correct erroneous information" were preempted because the FCRA expressly regulates that conduct. Id. at 660.

The facts of this case differ from the ones that the Eastern District of North Carolina held did not warrant the application of FCRA preemption. Here, Defendants did not instruct Plaintiff to lie to the police—rather, they requested that Plaintiff complete and file a fraud packet, which included the filing of a police report. Yet, unlike the plaintiff in Rogers, who immediately filed a police report after discovering the fraudulent loan filed in his name, Plaintiff refused to file a police report. See Rogers, 243 F. Supp. 3d at 655. Additionally, Plaintiff does not allege that Defendants repeatedly sent Plaintiff threatening collection letters. Rather, Plaintiff alleges that Defendants "are refusing to remove the credit delinquency from Plaintiff's credit report in an effort to compel Plaintiff to pay a debt to Sprint that Plaintiff does not owe." (Doc. No. 5 ¶ 50).

5

Stripped to their core, Plaintiff's state-law claims allege that Defendants (1) improperly "filed delinquencies on his credit report and wrongfully and unreasonably refused to remove them" and (2) improperly handled the investigation of Plaintiff's claim that false information was furnished to credit reporting agencies. The FCRA expressly governs both allegations. See 15 U.S.C. § 1681S–2(a) (describing duties of furnishers of information to provide accurate information); id. § 1681S-2(b) (delineating duties of furnishers of information upon notice of dispute, including investigation duties). As such, Plaintiff's state-law claims "run[ ] into the teeth of the FCRA preemption provision," and because Plaintiff seeks to use his state-law claims "as a 'requirement or prohibition' under North Carolina law concerning 'subject matter regulated under section 1681s–2,' [Plaintiff's state-law claims are] squarely preempted by the plain language of the FCRA. Ross, 625 F.3d at 814.

IV.     CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

(1) The Magistrate Judge's M&R, (Doc. No. 10), is **AFFIRMED** and **ADOPTED**;

(2) Defendants' Motion to Dismiss, (Doc. No. 7), is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Plaintiff's North Carolina UDTPA and civil conspiracy claims are **DISMISSED**. But, Plaintiff's FDCPA claim against Defendant Diversified Consultants, Inc. may proceed; and

(3) Defendant Sprint Corporation may be terminated as a party to this suit.

Signed: February 8, 2019

Robert J. Conrad, Jr.
United States District Judge